

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00365-CR

_____

STEVIE PRESTON DEAN, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 320thDistrict Court
Potter County, Texas
Trial Court No. 73,519-D; Honorable Don Emerson, Presiding

September 13, 2018

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE, and PARKER, JJ.

In a bench trial, Appellant, Stevie Preston Dean, was convicted of the offense of

possession of a controlled substance, namely methamphetamine, in an amount of less

than one gram,[1] enhanced by two prior felony convictions,[2] and sentenced to six years in prison.  By a single issue, he contends the evidence was insufficient to support the trial court's finding that he had the requisite mental state for possession of the controlled substance.  We affirm.

BACKGROUND

On January 31, 2017, Appellant was stopped by Amarillo Police Officer Logan McFarland for a traffic violation.  During that stop, Appellant advised the officer that he was in possession of drug paraphernalia.  He was placed under arrest and during a search incident to arrest, the officer found a small clear baggie of what he suspected to be methamphetamine in the left breast pocket of the jacket being worn by Appellant.  A forensic analyst for the Texas Department of Public Safety determined that the baggie contained 0.35 grams of a substance that tested positive for methamphetamine.  The analyst's lab report was admitted into evidence.

At trial, Appellant testified that he suffered from a bipolar disorder and paranoid schizophrenia, for which he was on the medication Xanax.  He denied having any knowledge of the methamphetamine being in the jacket he was wearing, and he insisted that he had never used methamphetamine because his "drug of choice" was crack.  He explained his lack of knowledge of the presence of the methamphetamine in the jacket and the fact that he had just picked the jacket up off a couch at a party on the night of his

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).  An offense under this section is a state jail felony.

[2] As enhanced, the offense was punishable as a second degree felony.  TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2017)

arrest. He denied owning the jacket and he testified that he did not check the jacket pockets before he left the party. At counsel's direction, Appellant put on the jacket in open court to demonstrate that it did not fit. He further insisted that the drug paraphernalia in his possession was a device used to smoke crack, not methamphetamine. Officer McFarland confirmed that the pipe was a crack pipe.

STANDARD OF REVIEW

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In determining whether the evidence is legally sufficient to support a conviction, a reviewing court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State,* 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

Here, the trial judge was the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and as a reviewing court we must defer to those determinations and not usurp his role by substituting our judgment for that of the trial judge. *Id.* (citing *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012)). The duty of a reviewing court is simply to ensure that the evidence presented supports the fact finder's verdict and that the State has presented a legally sufficient case of the offense charged. *Id.* When a reviewing court is faced with a record supporting

3

contradicting conclusions, the court must presume the fact finder resolved any such conflicts in favor of the verdict, even when not explicitly stated in the record. *Id.* "Under this standard, evidence may be legally insufficient when the record contains no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." *Id.* (quoting *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013)).

POSSESSION

To support the verdict rendered in this case, the State was required to prove that Appellant knowingly or intentionally possessed a controlled substance, to-wit: methamphetamine, in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2017). To prove *possession*, the State was required to show that Appellant (1) exercised "actual care, custody, control, or management" of the substance and (2) knew the substance possessed was contraband. *See* TEX. PENAL CODE ANN. § 1.07(39) (West Supp. 2017); *Evans v. State*, 202 S.W.3d 158, 162-63 (Tex. Crim. App. 2006).

Mere presence is insufficient to establish possession and the State must establish that a defendant's connection with the substance was more than fortuitous. *Evans*, 202 S.W.3d at 161. This linking of the substance to the defendant protects the innocent bystander, relative, friend, or even stranger from conviction merely because of his serendipitous proximity to someone else's drugs. *Id.* at 161-62. "However, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., 'links'), may well be sufficient to establish that element beyond a reasonable doubt." *Id.* at 162. In circumstances where possession cannot be directly established, it is the logical force

4

of all the evidence, direct and circumstantial, not the number of the incidental links, that is determinative. *Id.*

ANALYSIS

Where, as here, Appellant has proposed a scenario purporting to establish that the controlled substance was unknowingly possessed, he has effectively admitted that he exercised actual care, custody, control, or management of the substance since he does not dispute that he was in control of the jacket where it was found—he merely claims that he was unaware of its presence on his person due to the circumstance of his having acquired (accidentally or otherwise) someone else's jacket. Effectively, he is claiming that he had no knowledge that there was methamphetamine in his possession. Therefore, the question comes down to whether the trial judge, as the sole trier of fact, believed his testimony on that issue.

As to Appellant's testimony, the trial judge might have given him credit for his candor in admitting to Officer McFarland that he was in possession of drug paraphernalia, while at the same time, having questioned his moral character for taking someone's jacket. At trial, Appellant also testified that, at the time of his arrest, he was in the process of trying to coax a young woman into having sex with him by taking her to buy some K2. He also testified he was in possession of drug paraphernalia. Accordingly, we view these credibility factors as not being absolutely determinative, one way or the other.

Where, as here, Appellant was in actual possession of the controlled substance, had a long history of drug abuse, and was in possession of drug paraphernalia at the time of his arrest, we cannot say the record contains "no evidence of an essential element,

5

merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." Although circumstantial, based on the evidence and reasonable inferences to be drawn therefrom, we find the trial judge could have found the essential elements of the crime beyond a reasonable doubt. As such, issue one is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle<br>
Justice

Do not publish.